TWO CASES.

THE DURHAM FERTILIZER CO. v. GLENN AND HEMPHILL, ASSIGNEES.

ALLISON & ADDISON v. SAME.

COSTS—DISBURSEMENTS.—The act of 1892 (21 Stat., 30), repealing all acts relating to attorneys' *"costs,"* does not repeal the statutes relating to attorneys' *"disbursements."* Construing act of 1892 (21 Stat., 30), Rev. Stat., 2547, and sec. 326, Code. "Costs" and "disbursements" *defined.*

Before GARY, J., Chester, June, 1896. Affirmed.

The facts are stated in the opinion.

*Mr. S. P. Hamilton,* for appellant.

*Messrs. Glenn & McFadden,* contra.

March 17, 1897. The opinion of the Court was delivered by

MR. JUSTICE JONES. These two cases were heard toge-ther and involve the same point. The appeal is from an order of the Circuit Court confirming the clerk's taxation of $31.25 in each of the above cases, as disbursements of the attorneys therein for printing case, &c., for the hearing of these cases on appeal to the Supreme Court. The suits were begun in January, 1894, to vacate a deed of assign-ment, and the defendants' appealing from an adverse judg-ment of the Circuit Court prevailed in the Supreme Court. 45 S. C., 621.

The sole question raised here now is whether the act approved December 22d, 1892, repealing all acts in relation to attorneys' *costs*, applies to attorneys' *disbursements*. Appellant contends that attorneys' costs means attorneys' costs and disbursements. We do not think so. Sec. 323 of the Code of Procedure and section 2425 General Statutes 1882, appearing as section 2547 Revised Statutes 1893, provide that attorneys of plaintiff or defendant are entitled to recover of the adverse party "costs and disbursements." The use of these words in this form several times in the acts referred to show that attorneys' costs and attorneys' disbursements are not the same thing, as there would be no use to use the word "disbursements" if the word "costs" included it. Attorneys' costs are those fixed amounts which are allowed by law to an attorney for specified services rendered in the conduct of the cause, and authorized to be taxed up against a party thereto, while attorneys' disbursements are an expenditure or outlay of money which he is authorized by law to make and which he does make in the conduct of a cause. In sec. 326 of the Code of Procedure, "disbursements" is defined to include, among other things, "the expense of printing the papers for any hearing where required by a rule of the Court." In *Elder & Co.* v. *C. C. & A. R. R. Co.*, 15 S. C., 510, the printing of points and authorities was sustained as a disbursement. The rules of this Court expressly require or authorize the printing of the "Case," and the expense of so doing is a "disbursement." *Scott* v. *Alexander*, 27 S. C., 19. The statute, sec. 326 Code, also makes a distinction between "costs" and "disbursements" in the adjustment of the same before the clerk, disbursements being required to be verified by affidavit, while costs need not be so verified. It seems very clear, therefore, that the act repealing acts in relation to attorneys' costs in no wise affected attorneys' disbursements.

The judgment of the Circuit Court is affirmed.